**FILICHIA v STATE**

Ohio Appeals, 2nd Dist, Franklin Co

No 2559. Decided Oct 7, 1935

Ballard & Hensel, Columbus, for plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, Henry L. Holden, Columbus, and Joseph L. Bowman, Asst. Pros. Attys., Columbus, for defendant in error.

The indictment was intended to be brought under the provisions of §13083, GC. The pertinent portion of this statute reads as follows:

"Whoever, with intent to defraud, falsely makes, alters, forges, counterfeits, prints or photographs, * * * contract * * * for the payment of money or other property, . or any promise to pay money conditionally * * * an order, warrant or request for the payment of money or the delivering' of goods or chattels, * * *."

The basis of the claim that the indictment does not charge an offense is by reason of the fact that the above section of the Code does not. mention "sales check" as an instrument that may be forged. We do not think this claim is well founded. While the section of the Code defining forgery does specifically mention certain instruments by name, others are referred to generally and in our opinion the. sales slip referred to and described in the indictment will come within one or more of the general classifications. Beyond question or cavil it is a contract signed by the person intended to be charged, and further it was a request for the delivery of goods and chattels. We determine that the indictment as originally drawn was good as against demurrer, and therefore is sufficient upon which to base the verdict of the jury.

**The trial court erred in permitting the indictment to be amended.**

This ground of error is necessarily determined by our conclusions that the indictment did charge an offense and therefore the amendment was unnecessary. We do not think that the amendment added anything to or took anything from, and therefore the action of the court would not be erroneous.

In logical order we will consider subheading 4 before commenting on the question of the weight of the evidence.

**Error of the trial court in admitting testimony of the former convictions of defendant.**

It is our conclusion that the record discloses prejudicial error in the admission of testimony over the objection of defendant of former convictions. The general rule is well established that in the prosecution of one offense it is not competent to show that the accused has committed another separate, independent offense for the purpose of showing that he committed the offense with which he stands charged. **Ohio Jurisprudence, Vol. 12 (Criminal Law), §321.** The author in the note cites a number of Ohio decisions very positively and clearly supporting the text.

## OPINION

By .BARNES, PJ.

We will consider the claimed errors in the order above set forth.

The indictment does not charge an offense.

The indictment contained two counts. the first count charging forgery and the second count, uttering and publishing as authorized by the statute. The question raised on the demurrer is applicable to both counts. For that reason we shall not attempt in our discussion to further refer to the separate counts.

The body of the charge in the indictment reads as follows:

"Unlawfully did falsely make, forge and counterfeit a certain sales check, which said false, forged and counterfeit sales check is of the purport and value following, to-wit, dated July 25, 1934, No. 39922-33, issued at the store of The Morehouse-Martens Company, recording the sale of three pair of hose, of the value of one dollar, three shorts, of the value of one dollar and seventeen cents, and three shirts, of the value of. three dollars, all of the value of five dollars and seventeen cents, charged to the account of William H. Kautz, 1014 South Ohio Avenue; signed Mrs. William Kautz, with intent thereby to unlawfully defraud.'"

In the case of **Knight et v State, 54 Oh St, 365**, at page 379 of the opinion, Judge Spear quotes the following from Greenleaf on Evidence:

"That such evidence tends to draw away the minds of the jurors from the point in issue and to excite prejudice and to mislead them; and moreover, the adverse party having had no notice of such a course of evidence is not prepared to rebut it."

Exceptions to the general rule are recognized in cases where scienter is an element. In such instances in support of scienter the state is permitted to prove other similar offenses, both before and after, bearing upon the question of intent. The element of scienter is involved in a charge of forgery and in a proper case the introduction of other similar acts of forgery are admissible as bearing upon the question of intent or guilty knowledge. This rule is an exception to the general rule and therefore must be exercised with caution and strictly in accordance with the reason for the rule. The state called as a witness one John J. Triska, who at the time was Superintendent of the Columbus Stores Mutual Protective Association. The Morehouse-Martens Company was a member of this association. He was inquired of as to other offenses committed by the defendant, Mabel Filichia. Over objections of defendant's counsel he testified to three occasions where Mabel Filichia had committed forgery at various stores, and thereafter was convicted and sentenced to pay a fine of $50.00 and thirty days in the workhouse in each instance. The trial court was intending to limit this inquiry as to prosecutions for act of forgery where there had been a conviction on the crime of forgery. In one instance the evidence was ruled out when Mr. Triska stated that the charge was obtaining money under false pretenses. From the statement of counsel and the inference it would appear that the jury was given to understand that the other convictions and sentences were on charges of forgery. It must at once appear that this can not be true since forgery is a felony and under a conviction, sentence to pay a fine or to the workhouse could not follow. We think the evidence is objectionable for the further reason that it was manifest that this witness was giving testimony that under the law would be mere hearsay, although he did qualify in answer to the court's inquiry that he had personal knowledge. We do not think the record will bear the conclusion that he intended to say that he actually saw Miss Mabel Filichia commit forgery or that she said to him that she had committed forgery. His personal knowledge was to the fact that as Superintendent of the Protective Association he caused the arrest of Mabel Filichia and that he was connected with the prosecution to the point that he knew that she was convicted and that the court sentenced her.

The best evidence of a prosecution and conviction would be the court records. The evidence that Mr. Triska was giving was secondary and should not have been admitted.

If we were indulging in guessing we might conclude that the defendant on the previous occasions was actually charged with obtaining money under false pretenses by means of forging sales slips. If this be the fact and the evidence had been presented in proper form, it probably would be admissible even though the charge was obtaining money under false pretenses, whereas in the instant case the charge was forgery. This conclusion is based upon the rule that it is similar criminal acts that aid in the determination of scienter and not necessarily the charge that may be placed against the offender for these similar acts. It must be recognized that obtaining property or money by forgery also constitutes the crime of obtaining money under false pretenses. However, the sections of the Code defining forgery and obtaining money under false pretenses prescribe different penalties. The courts of Ohio recognize the right to charge forgery, uttering and publishing a forged instrument or obtaining property or money by false pretenses by means of forgery, in different counts of an indictment. **Griffith v State, 93 Oh St, 294.** This case further holds that the acquittal of the charge of issuing a forged instrument is a bar to a conviction for obtaining money under false pretenses by means of forgery.

We feel that under the state of the record the introduction of the evidence of prior similar offenses was probably the controlling factor that brought about the conviction of the accused.

The sales lady of the store did not connect Miss Filichia with the transaction except that she was present with the real customer and conferred as to the quality of the merchandise purchased. The forged name was actually signed by Miss Katherine Myers, and it was Miss Myers who conducted the negotiations for the purchase of the merchandise. The only substantive evidence connecting Miss Filichia with any criminal conduct was that of her co-defendant, Katherine Myers, who testified

that while she signed the sales slip she did so for and at the request of Mabel Filichia. It is extremely doubtful if the jury would have convicted the defendant, Mabel Filichia, except for the evidence of previous offenses.

Counsel for the defendant also urge in their brief that there was error in the court's failure to charge the jury that it was unsafe to convict the defendant on the uncorroborated testimony of an accomplice. It is a rule of law that the court may properly charge that evidence of an accomplice should be received with caution and even may go so far as to advise that it would be unsafe to convict unless such evidence be corroborated. However, we find no error in this particular since counsel for the defendant did not request the court to make such charge. The principle has been repeatedly announced that counsel must call attention of the trial court to any omissions in his charge in order to predicate error thereon.

Feeling as we do that the improper and irregular manner of presenting evidence of other offenses was so prejudicial in its effect, we are constrained to the conclusion that the verdict and judgment should be set aside and the cause remanded for a new trial.

Exceptions will be allowed. Entry may be drawn in accordance with this opinion.

HORNBECK and BODEY, JJ, concur.